This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Duane P. Gibson, appeals the sentence imposed upon him by the Summit County Court of Common Pleas pursuant to Mr. Gibson's guilty plea on charges of aggravated arson and burglary. This court affirms.
 I.
On March 4, 2000, Mr. Gibson went to the house of his former girlfriend Loretta Robinson who lived on West Tallmadge Avenue in Akron. Apparently, Ms. Robinson had recently broken off an involvement with Mr. Gibson and he was angry about it. Mr. Gibson allegedly broke down the door of the house, turned over the refrigerator, set fire to some clothing in Ms. Robinson's bedroom, and turned on the gas jets of the stove. Several neighbors witnessed Mr. Gibson entering the house before the fire broke out. Firefighters were able to put out the fire without injury to themselves or other persons.
Mr. Gibson was arrested, and a grand jury indicted him on one count of aggravated arson, a second degree felony, in violation of R.C.2909.02(A)(2), and burglary, a second degree felony, in violation of R.C. 2911.12(A)(2). Mr. Gibson initially pleaded not guilty and the case proceeded to trial, but at some point in the process of the trial, Mr. Gibson changed his mind and pleaded guilty to both charges.
A presentence investigation report was filed with the court and the court decided to sentence Mr. Gibson to a maximum eight-year sentence for the aggravated arson and to six years for the burglary. The court also determined that the sentences should be served consecutively. Mr. Gibson filed a timely appeal and assigned a single error challenging the sentence imposed.
 II. ASSIGNMENT OF ERROR
 The trial court erred and abused its discretion in sentencing Appellant to a maximum term of incarceration and by imposing a consecutive sentence in violation of the statutory guidelines provided under the felony sentencing laws.
An appellate court may modify a sentence or remand for resentencing if the reviewing court finds by clear and convincing evidence that the sentence imposed is contrary to law or the record. R.C.2953.08(G)(1).[1] Clear and convincing evidence is that "which will provide [sic] in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Under recent changes to Ohio sentencing laws, the General Assembly clearly indicated that "minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally." State v.Edmonson (1999), 86 Ohio St.3d 324, 325. Furthermore, consecutive sentences are disfavored. See State v. Davenport (Oct. 25, 2000), Summit App. Nos. 19419 19420, unreported, at 8-9.
In the instant case, Mr. Gibson had a prior criminal conviction but had never been imprisoned. Mr. Gibson's sentence of eight years for aggravated arson, a second-degree felony, is a maximum sentence. See R.C. 2909.02(A)(2) and 2929.14(A)(2). Mr. Gibson was also sentenced to six years for the burglary charge, which is more than the minimum sentence for that second-degree felony. Mr. Gibson was ordered to serve the sentences consecutively, which is also disfavored under the sentencing statutes. See R.C. 2929.14(E). The sentencing statutes require the sentencing court to make certain findings before imposing such sentences. The Supreme Court in Edmonson has further stated that the court must make such findings explicitly "on the record." SeeEdmonson, 86 Ohio St.3d 324. We will address each sentence in turn, in view of the statutorily mandated findings to justify each.
 A. Length of Sentence
Mr. Gibson argues that the trial court erred in imposing a sentence that was the maximum sentence permitted and was therefore more than the minimum sentence possible. Regarding the imposition of more than a minimum sentence, the sentencing statutes provide that
 if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
R.C. 2929.14(B). This court has held that the trial court must make these findings somewhere on the record, either at the sentencing hearing or in the judgment entry of conviction and sentencing. State v. Riggs
(Oct. 11, 2000), Summit App. No. 19846, unreported, at 2-4.
In the instant case, the judge acknowledged to Mr. Gibson at the sentencing hearing that although Mr. Gibson's criminal history was not extensive, "the violence of [your criminal history] also indicates a need to protect the public." While the judge did not mention this factor specifically in terms of not imposing a minimum sentence for either the aggravated arson or the burglary offense, it was clear that the judge considered this factor in imposing the sentences he imposed. This court finds that this meets the requirement that the court make a finding on the record that a minimum sentence on either offense would not be appropriate in this case, pursuant to R.C. 2929.14(B), Edmonson, andRiggs.
As to the imposition of a maximum sentence, the sentencing guidelines provide that
 the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders[.]
R.C. 2929.14(C).
In the instant case, the judge heard from Ms. Robinson about Mr. Gibson's history of harassing her even prior to the events at issue here. The court also considered Mr. Gibson's alleged threats to harm a witness who apparently was prepared to testify in a manner damaging to the defense.[2] The court stated to Mr. Gibson that the aggravated arson offense was of the worst type because it involved a life-threatening situation, given that Mr. Gibson turned on all the gas burners to the stove before he set fire to Ms. Robinson's bedroom. The judgment entry states that the "Court imposes the longest term because the Defendant committed the worst form of the offense, and the offender poses the greatest likelihood of committing future crimes." Thus, as to the maximum sentence for aggravated arson, the trial court made the findings justifying the maximum sentence both at the hearing and in the journal entry, and referenced the facts that supported the findings.
 B. Consecutive Sentences
R.C. 2929.14(E) governs the imposition of multiple offenses, and it provides:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
While Mr. Gibson apparently caused significant damage to Ms. Robinson's home during the burglary, fortunately no one was injured as a result of the fire, which was extinguished before it caused a great deal of damage. However, the court referenced Mr. Gibson's history of criminal conduct, which was violent and extensive. Apparently, Mr. Gibson broke into the Robinson residence because Ms. Robinson had recently broken off a relationship with him. Mr. Gibson told the court at the sentencing hearing that he just lost control on the day of the crimes. However, Ms. Robinson told the court that the defendant had engaged in harassing behavior prior to this date. Mr. Gibson had a prior history of assault. Furthermore, while awaiting trial, Mr. Gibson harassed a potentially damaging witness, writing a letter to her in which he threatened to kill her if she testified in a manner harmful to him.
Thus, the court had before it facts to establish that consecutive sentences were necessary to protect the public from future crime and were not disproportionate to the seriousness of Mr. Gibson's conduct and to the danger he poses to the public, and that Mr. Gibson had a history of criminal conduct demonstrating the need for consecutive sentences for the public's protection. See R.C. 2929.14(E)(4). The judge made these very findings at the sentencing hearing and in the judgment entry of conviction and sentencing. Thus, the court's imposition of the consecutive sentences comports with the requirements of Ohio's sentencing guidelines.
This court cannot say that the record establishes by clear and convincing evidence that the sentences imposed in this case are contrary to law or the record. We find that Mr. Gibson's assignment of error is meritless and we overrule it.
 III.
Having overruled the sole assignment of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
____________________________ WILLIAM G. BATCHELDER
SLABY, J., CARR, J. CONCUR.
[1] R.C. 2953.08(G) was amended effective October 10, 2000. Because the offenses at issue here occurred prior to the effective date of the amendment, we refer to the former version of the statute. We note that under the new statute, R.C. 2953.08(G)(2) has substantially similar provisions as the former R.C. 2953.08(G)(1).
[2] The judge referenced Gibson's terrorizing of a trial witness, which was part of "the trial that I heard." Gibson did not include a transcript of the trial, which terminated prematurely when Gibson decided to plead guilty. Thus, we presume that the trial court's reference to these events was accurate.